**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IDEATIVE PRODUCT VENTURES, INC., | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Case No. _____ <br> JURY TRIAL DEMANDED |
| VISIONTEK PRODUCTS, LLC, | § § § | |
| *Defendant*. | § | |

---

**COMPLAINT FOR PATENT INFRINGEMENT**

---

Plaintiff Ideative Product Ventures, Inc. ("Ideative"), files this Complaint for Patent Infringement against Defendant VisionTek Products, LLC ("VisionTek" or "Defendant"), and alleges as follows:

**PARTIES**

1.      Ideative is a corporation organized and existing pursuant to the laws of Texas. Ideative's principal place of business is 1846 E. Rosemeade Parkway, Suite No. 144, Carrollton, Texas 75007.

2.      Upon information and belief, Defendant is a Delaware corporation with its principal place of business at 105 Prairie Lake Rd Unit C, East Dundee, IL, 60118. Defendant is registered to do business in Illinois and may be served with process by delivering a summons and a true and correct copy of this Complaint to its registered agent for receipt of service of process, Aladar F. Siles at 470 Oakwood Rd., Lake Zurich, IL 60047.

## JURISDICTION AND VENUE

3.      This is an action for patent infringement arising under the United States Patent Act, 35 U.S.C. § 1, et seq. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

4.      On information and belief, Defendant makes, imports, sells, and/or offers for sale products within the United States, including this District, that infringe one or more claims of United States Patent No. 7,494,343 entitled "Multiple Degrees Of Freedom Connectors And Adapters" (the "`343 Patent"). These products ("Accused Products") include at least the following:

- VisionTek 3 Meter 4K Pivot Cable

- VisionTek 1 Meter High Speed HDMI to HDMI  Pivot Cable

5.      The United States Patent and Trademark Office duly and legally issued the `343 Patent on February 24, 2009. A true and correct copy of the `343 Patent is attached as Exhibit A.

6.      On information and belief, Defendant designs and builds a broad variety of home audio/visual (AV) furnishings, TV and speaker mounts, speaker stands, and accessories including cables.  On information and belief, Defendant sells its products in the United States, including within this District.  On information and belief, Defendant's customers, including customers within this district, can purchase Defendant's products primarily through thousands of consumer electronics dealers and online through Defendant's interactive website, https://www.visiontek.com/.

7.      This Court has general personal jurisdiction over Defendant because Defendant has maintained systematic and continuous business contacts with the State of

Illinois. Additionally, this Court has specific personal jurisdiction over Defendant because Defendant has committed acts of patent infringement in the State of Illinois by offering for sale and selling products, including but not limited to the Accused Products that infringe one or more claims of a United States Patent owned by Ideative.

8.   Venue is proper in this District pursuant to 28 U.S.C. § 1400(b) for at least the reason that Defendant's principal place of business at 105 Prairie Lake Rd Unit C, East Dundee, IL, 60118 is within this District.

## BACKGROUND

9.   The Accused Products allow connecting HDMI cables in tight spaces behind HD components such as mounted flat screen TVs without having to bend cables sharply, which can cause damage and unreliable performance.

## GENERAL ALLEGATIONS

10.   On information and belief, Defendant offers for sale and sells in Illinois and throughout the world one or more devices, including but not limited to the Accused Products, that infringe one or more claims of the `343 Patent.

11.   Defendant has been on actual notice of the `343 Patent at least since it received this Complaint.

## FIRST CLAIM FOR RELIEF
### (INFRINGEMENT OF THE `343 PATENT)

12.   Ideative incorporates the above as though fully set forth herein.

13.   Ideative is the owner by assignment of all rights, title, and interest in the `343 Patent.

14.   The `343 Patent is valid and enforceable.

15.    On information and belief, Defendant has been and now is directly infringing one or more claims of the `343 Patent by making, importing, using, offering for sale, and/or selling the patented inventions in the United States.

16.    More particularly, without limitation, Defendant is now directly infringing one or more claims of the `343 Patent, including at least Claims 1 and 33, by making, importing, using (including use for testing purposes), offering for sale, and/or selling the Accused Products, all in violation of 35 U.S.C. § 271(a).

17.    Ideative has been damaged by the infringing activities of Defendant, and will be irreparably harmed unless those infringing activities are preliminarily and permanently enjoined by this Court. Ideative does not have an adequate remedy at law.

18.    Upon information and belief, Defendant has had actual notice of the existence of the `343 Patent since at least the time it received this Complaint. Despite such notice, Defendant continues in acts of infringement without regard to the `343 Patent, and will likely continue to do so unless otherwise enjoined by this Court.

19.    Defendant's Accused Products are an electronic connector mechanism. For example, the representative VisionTek 1 Meter High Speed HDMI to HDMI Pivot Cable connects two HDMI devices with the two connectors shown below.



20.     Defendant's Accused products comprise an intermediate member having a first end defining a first connection axis having a second end defining a second connection axis, the first and second connection axes being substantially orthogonal.  For example, the representative VisionTek 1 Meter High Speed HDMI to HDMI Pivot Cable has an intermediate member identified in the image below.  This intermediate member has a first connection axis on the bottom side of the image, highlighted in red, that defines a first connection axis that permits rotation in a plane that is perpendicular to the printed page.  The intermediate member has a second connection axis on the top end of the image, highlighted in yellow, that defines a second axis of rotation.



21.     Defendant's Accused Products comprise a first head rotatably connected to the first end of the intermediate member and limited to rotation in a first plane on the first connection axis.  For example, the representative VisionTek 1 Meter High Speed HDMI to HDMI Pivot Cable has a rotatable head attached to the intermediate member that rotates as shown below.



22.     Defendant's Accused Products comprise a first electronic connector on the first head connectable to a first electronic device.  For example, the representative VisionTek 1 Meter High Speed HDMI to HDMI Pivot Cable has an electronic HDMI connector on the first head as shown below.



23.     Defendant's Accused Products comprise a second head rotatably connected to the second end of the intermediate member and limited to rotation in a second plane on the second connection axis.  For example, the representative VisionTek

1 Meter High Speed HDMI to HDMI Pivot Cable has a second head identified below that rotates in a plane parallel to this page when the cable is oriented as shown.



Second Head

     24.     Defendant's Accused Products comprise a second electronic connector on the second head connectable to a second electronic device, the second electronic connector in electrical communication with the first electronic connector through the intermediate member. For example, the representative VisionTek 1 Meter High Speed HDMI to HDMI Pivot Cable has a second electronic connector on the far end of the cable as shown in the image below.  The connectors are in electrical communication through the intermediate member because the cable can carry an HDMI video signal between the connectors.



25. Defendant's Accused Products have at least one of the first and second heads to be rotatable on its connection axis more than 90-degrees relative to the intermediate member. For example, the representative VisionTek 1 Meter High Speed HDMI to HDMI Pivot Cable can rotate about the second connection axis 180-degrees relative to the intermediate member as shown below.



26.     Defendant's Accused Products comprise an intermediate member having a first end defining a first connection axis and having a second end defining a second connection axis, the first and second connection axes being substantially orthogonal.  For example, the representative VisionTek 1 Meter High Speed HDMI to HDMI Pivot Cable has an intermediate member identified in the image below.  This intermediate member has a first connection axis on the bottom side of the image, highlighted in red, that defines a first connection axis that permits rotation in a plane that is perpendicular to the printed page.  The intermediate member has a second connection axis on the top end of the image, highlighted in yellow, that defines a second axis of rotation.



27.     Defendant's Accused Products comprise a first head rotatably connected to the first end of the intermediate member and limited to rotation in a first plane on the first connection axis.  For example, the representative VisionTek 1 Meter High Speed

HDMI to HDMI Pivot Cable has a rotatable head attached to the intermediate member that rotates as shown below.



28.     Defendant's Accused Products comprise a first electronic connector on the first head connectable to a first electronic device.  For example, the representative VisionTek 1 Meter High Speed HDMI to HDMI Pivot Cable has an electronic HDMI connector on the first head as shown below.



29.     Defendant's Accused Products comprise a second head rotatably connected to the second end of the intermediate member and limited to rotation in a second plane on the second connection axis.  For example, the representative VisionTek 1 Meter High Speed HDMI to HDMI Pivot Cable has a second head identified below that rotates in a plane parallel to this page when the cable is oriented as shown below.



Second Head

30.     Defendant's Accused Products comprise a cable having a proximal end attached to the second head and having a distal end extending from the second head.  For example, the representative VisionTek 1 Meter High Speed HDMI to HDMI Pivot Cable have proximal and distal cable ends as shown below.



First Head

Intermediate Member

Second Head

Proximal Cable End

Distal Cable End

     31.    Defendant's Accused Products comprise a second electronic connector attached to the distal end of the cable, the second electronic connector connectable to a second electronic device and in electrical communication with the first electronic connector through the cable and the intermediate member.  For example, the representative VisionTek 1 Meter High Speed HDMI to HDMI Pivot Cable have a second electronic connector attached to the distal end of the cable as shown below.  The second electronic connector is in electrical communication with the first electronic connector through the cable and the intermediate member because the cable is able to pass an HDMI signal from end to end.



32.     Ideative is entitled to recover from Defendant the damages sustained by

Ideative as a result of Defendant's wrongful acts in an amount to be proven at trial.

**REQUEST FOR RELIEF**

WHEREFORE, Ideative requests the following relief:

(a)     A judgment in favor of Ideative that Defendant has directly infringed one

or more claims of the `343 Patent;

(b)     A judgment that Ideative has been irreparably harmed by the infringing

activities of Defendant and is likely to continue to be irreparably harmed

by Defendant's continued infringement;

(c)     Preliminary and permanent injunctions prohibiting Defendant and its

officers, agents, servants, employees and those persons in active concert or

participation with any of them, as well as all successors or assignees of the

interests or assets related to the Accused Products, from further

infringement, direct and indirect, of the `343 Patent;

(d)     A judgment and order requiring Defendant to pay Ideative damages

adequate to compensate for infringement under 35 U.S.C. § 284, which

damages may include lost profits but in no event shall be less than a

reasonable royalty for the use made of the inventions of the Asserted

Patent, including pre- and post-judgment interest and costs, including

expenses and disbursements; and

(e)     Any and all such further necessary or proper relief as this Court may deem

just.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Ideative hereby

demands a trial by jury of all issues so triable.

Dated: January 23, 2018

Respectfully submitted,

/s/ *William C. Spence*
William Cory Spence
Jacob Graham
**SPENCE, P.C.**
405 N. Wabash Avenue, Suite P2E
Chicago, IL  60611
(312) 404-8882
William.spence@spencepc.com
Jacob.graham@spencepc.com

Gary Sorden*
Mark Perantie*
**Klemchuk LLP**
Campbell Centre II
8150 North Central Expressway, 10th Floor
Dallas, TX 75206
(214) 367-6000
gary.sorden@klemchuk.com
mark.perantie@klemchuk.com
*to be admitted *pro hac vice*

**ATTORNEY FOR PLAINTIFF
IDEATIVE PRODUCT VENTURES, INC.**